```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

GARY A. HANEY,                    §
(TDCJ No. 832434)                 §
                                  §
VS.                               §  CIVIL ACTION NO.4:05-CV-271-Y
                                  §
MRS. O'NEAL,                      §
PAROLE Officer, et al.            §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(b)(1),
         and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

Plaintiff Gary A. Haney, a prisoner presently housed at the Texas Department of Criminal Justice (TDCJ)--McConnell Unit, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). Haney's complaint under 42 U.S.C. § 1983 names as defendants a parole officer named Mrs. O'Neal, identified by Plaintiff as with the Texas Board of Pardons and Paroles; and George Gallagher, Judge, 396th Judicial District Court, Tarrant County, Texas. (Compl. Style; ¶ IV(B).) In response to court order, Haney also supplied a more definite statement (MDS) of his claims. The Court has reviewed both the complaint and the MDS to discern Haney's factual allegations and claims.

Haney alleges that in October 2004, he was convicted in the 396th Judicial District Court of Tarrant County, Texas, in cause number 095388W, and sentenced to two years' confinement. (Compl. § V; MDS at ¶¶ 2.) Haney complains that Judge Gallagher was aware he was on parole and still ran his sentence concurrently with any

sentence imposed for a parole violation. (Compl. § V; MDS at ¶¶ 2-4.) Haney alleges that prior to the new conviction, he was on parole after conviction for burglary of a habitation, cause number 32338 out of Johnson County, Texas. (MDS at ¶ 5.) Haney alleges that he never was served with a parole violator ("blue") warrant until after this suit was filed, and he alleges that parole officer O'Neal never provided him either an initial hearing or a revocation hearing before the revocation of parole. (Compl. § V; MDS at ¶ 6.) Haney contends that although O'Neal had the time to "take me to a pre-hearing but [she] never even came to the [county jail] to talk to me at any time, even after my family called and went to her office." (MDS at 7.) He alleges that when he was received back into TDCJ he was initially given a new identification number, but was subsequently assigned his old number, with TDCJ acknowledging that he was there on a parole violation. (Compl. § V.) Haney seeks to be reinstated to parole and seeks a declaration of why he is housed under the old TDCJ number when, until recently, he never had a blue warrant issued. (Compl. § VI; MDS ¶ 9.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

2

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Haney's claims in this suit, the Court finds that they must be dismissed under the authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

The Court concludes that Haney's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking injunctive-type relief from this Court related to parole-revocation proceedings, and related to the sentence imposed upon him by the 396th Judicial District Court. In *Heck v. Humphrey*,[6] the Supreme Court held that a

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2005).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] 512 U.S. 477, 486-87 (1994).

3

claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue, until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[7] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive relief may also be made pursuant to *Heck*.[8]

Plaintiff's challenges to the imposition of sentence by the state district court, if successful, necessarily would imply the invalidity of his present incarceration, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. With regard to challenges brought under § 1983 to parole proceedings, the Supreme Court recently clarified that although challenges only to the procedures used to determine parole eligibility may go forward in a civil suit, if the claims "seek to invalidate the duration of [an inmate's] confinement--either <u>directly</u> through an injunction compelling speedier release or <u>indirectly</u> through a judicial determination that necessarily implies the unlawfulness of the State's custody,"[9] the prisoner must pursue such claim through habeas corpus or similar remedies. In this instance,

---

[7] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[8] *See Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

[9] *Wilkinson v. Dotson,* 125 S.Ct. 1242, 1247 (2005).

4

Haney makes clear that he seeks to be reinstated to parole, and thus the *Heck* rule bars his claims for injunctive relief. Plaintiff remains in custody and has not shown that the complained-of imprisonment has been invalidated by a state or federal court.[10] As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[11]

All of Plaintiff's claims under 42 U.S.C. § 1983 are hereby DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[12]

SIGNED August 22, 2005.

*Terry R. Means*

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[10] *See McGrew v. Texas Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

[11] *See Heck*, 512 U.S. at 487-88; *McGrew*, 47 F.3d at 161.

[12] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).